**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JONATHAN HALLMAN, ) | CASE NO. 5:14-CV-1119 |
| ) | |
| Petitioner, ) | JUDGE HELMICK |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| NEIL TURNER, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |
| ) | |
| ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the court is the petition of Jonathan L. Hallman ("Hallman" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Hallman*, Case No. CR 03-10-3211(A) (Summit County February 26, 2004). The State argues that Petitioner failed to file his petition within the one-year statute of limitations applicable to federal habeas petitions. (Doc. No. 9.) For the reasons set forth below, Petitioner's § 2254 petition should be DISMISSED.

**I. Background**

**A. State Court Proceedings**

In February 2004, Hallman pleaded guilty, via written guilty plea, to two counts of rape. (Doc. 9-1 at Ex. 4.) On February 20, 2004, the state trial court sentenced Hallman to two concurrent terms of life imprisonment with parole eligibility after 10 years. (Doc. No. 9-1 at Ex. 5.) The state trial court entered judgment in the case on

February 26, 2004. (*Id.*)

Petitioner did not file a direct appeal from his conviction. Rather, nearly ten years later, on January 22, 2014, Petitioner, *pro se*, filed a motion for leave to file a delayed appeal in the state appellate court. (Doc. No. 9-1 at Ex. 7.) In the motion, Hallman stated that he had not filed a timely direct appeal because he was not aware of his right to do so.[1] (*Id.*) On February 5, 2014, the state appellate court denied the motion. (Doc. No. 9-1 at Ex. 10.) On February 18, 2014, Plaintiff filed an "Application for Delayed Reopening" pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. (Doc. No. 9-1 at Ex. 11.) On March 9, 2014, the state appellate court denied the application on the basis that relief under Rule 26(B), which only applies to claims of ineffective assistance of counsel, was not available to Petitioner because he had proceeded *pro se* in his motion for leave to file a delayed appeal. (Doc. No. 9-1 at Ex. 13.)

**B.     Proceedings in this Court**

On May 23, 2014, Hallman, *pro se*, filed a § 2254 petition in this Court, in which he raises a single ground for relief, stating, in its entirety: "I am entitled to a direct appeal." (Doc. No. 1.) In August 2014, the State filed a motion to dismiss Hallman's petition on the basis that it was not timely filed.

---

[1] The record does not support Burns's assertion that he was unaware of his right to a direct appeal. The written guilty plea that Burns signed in February 2004 contained a paragraph expressly acknowledging Burn's appellate rights and informing Burns that he had 30 days from the date of his sentencing in which to file a direct appeal. (Doc. No. 9-1 at Ex. 4, ¶7.)

2

## II. Jurisdiction

A state prisoner may file a § 2254 petition in "the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Summit County, Ohio sentenced Petitioner. (Doc. No. 9-1 at Ex. 5.) Summit County is within this Court's geographic jurisdiction. *See* 28 U.S.C. § 115(a). Accordingly, this Court has jurisdiction over Hallman's § 2254 petition.

## III. Timeliness

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

In this case, because he did not file a direct appeal, Hallman's conviction became final when the period for filing such an appeal expired. *Gonzalez v. Thaler*, ___ U.S. ___,

3

132 S. Ct. 641, 653-54 (2012). Under Ohio law, a defendant has thirty days after the date on which the state trial court enters judgment to file a notice of appeal. Ohio R. App. P. 4(A)(1). The trial court entered judgment in this case on February 26, 2004. (Doc. No. 9-1 at Ex. 5.) Thirty days from that date was March 27, 2004. The one-year period of limitations began to run the next day, and expired one year later, on March 27, 2005. See Fed. R. Civ. P. 6(a)(1)(A) ("[E]xclude the day of the act, event or default that begins the period.").[2] Petitioner did not file his petition until May 23, 2014 – more than nine years later. Thus, the petition is time barred unless statutory tolling sufficiently extends the period of limitations in this case.

Under 28 U.S.C. § 2244(d)(2), a "properly filed" application for state post-conviction or other relief tolls the running of the AEDPA statute of limitations until the state supreme court decides the case or declines review. Here, Hallman did not file any state post-conviction motions before his one-year period of limitations expired. Although he did file a motion for delayed appeal, he did not so until February 18, 2014, nearly nine years after the expiration of his period of limitations. It is well established that, "a motion for delayed appeal, even if granted, does not restart the statute of limitations." DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006) (citing Searcy v. Carter, 146 F.3d 515, 519 (6th

---

[2] The State argues that the one-year period of time expired on March 30, 2005. The State's calculation is based on the fact that Petitioner's thirty-day period of time to file a direct appeal expired on Saturday, March 27, 2004 and, thus, Petitioner could have filed a direct appeal on Monday, March 29, 2004. See Ohio R. App. P. 14(A). No court has determined whether, where a petitioner's time for filing a direct appeal expired on a weekend day, that petitioner's conviction became final on that weekend day or on the subsequent week day. In this case, given the extreme untimeliness of Hallman's petition and the fact that he did not file a direct appeal, the issue is not dispositive and, thus, this Court need not address it.

Cir. 2001)). Accordingly, Hallman's motion for a delayed appeal has no effect on the period of limitations in this case.

Finally, "AEDPA's limitations period is subject to equitable tolling, a doctrine that 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Hall v. Warden, Lebanon Correctional Inst., 662 F.3d 745, 749 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)). In this case, however, Hallman offers no argument with respect to equitable tolling. To the extent this Court interprets Burns's petition to assert that he was initially unaware of his right to appeal his conviction, and that he acted diligently to pursue a direct appeal when he learned of that right, that argument is contradicted by the record. By signing the written guilty plea in February 2004, Hallman expressly acknowledged his right to appeal:

> By pleading guilty, I admit committing the offense(s) and will tell the Court the facts and circumstances of my guilt. I know the Judge may either sentence me today or refer my case for a presentence report. *I understand my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of my sentence.*

(Doc. No. 9-1 at Ex. 4, ¶ 7.) Because Hallman failed to timely his § 2254 petition and because he offers no basis for equitably tolling his period of limitations, the petition should be dismissed as untimely.[3]

---

[3] The State argues in the alternative that this Court should dismiss Hallman's petition because Hallman failed to exhaust the single claim it contains. (Doc. No. 19 at 10-12.) In response, Petitioner requests a stay to allow him to return to state court to exhaust his claim. (Doc. No. 10.) The untimeliness of the petition, however, is a sufficient reason to dismiss the petition, and, thus, this Court need not address the issue of exhaustion in this case.

5

## V. Conclusion

For the reasons given above, the § 2254 petition should be dismissed.


Date: October 21, 2014                    s/ *Nancy A. Vecchiarelli*
                                          NANCY A. VECCHIARELLI
                                          U.S. MAGISTRATE JUDGE